UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALLAN ROSENTHAL,<br>Booking No. 20937565,<br><br>                              Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOME; SUMMER STEPHAN; STEVE CASE; CHRIS EDENS,<br><br>                              Defendants. | Case No.: 3:21-cv-1356-MMA-BLM<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Troy Allan Rosenthal ("Plaintiff"), housed at the Vista Detention Facility ("VDF") in San Diego, California, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. Section 1983. *See* Doc. No. 1 ("Compl."). Plaintiff alleges violations of his constitutional rights occurred when he was previously housed at the California Substance Abuse Treatment Facility ("CSATF"). *See id.* at 1.

Plaintiff did not prepay the $402 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, and instead filed three Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. Nos. 4, 6, 8.

I.  **Motions to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to prepay the entire fee only if leave to proceed in forma pauperis ("IFP") is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's prison certificate shows he had an average monthly balance of $0.12 and average monthly deposits of $30.00 for the 6-months preceding the filing of this action, and an available balance of $0.73. *See* Doc. No. 2 at 4.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

prison certificate indicates he may have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court will direct the VDF Facility Commander, or their designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the

familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Factual Allegations

Plaintiff alleges he was "convicted in May of 2000" with "assault with intent to commit another felony, attempted oral copulation." Compl. at 3. In November of 2006, "the People of California passed Proposition 83 (Jessica's Law)." *Id.* Plaintiff claims this law "altered the entire sexually violent predator act" by "add[ing] crimes" and "increas[ing] punishments." *Id.* Plaintiff contends Governor Gavin Newsome "should have told his Board of Prison Terms not to enforce it upon people retroactively." *Id.* He further claims, "Steve Case, Secretary of Corrections and the prior Director of the Department of Corrections and Rehabilitation did not properly train his staff." *Id.* He alleges District Attorney Summer Stephan filed a sexually violent predator "petition" that "should not have been filed with the Court." *Id.*

Plaintiff argues that the "rewrite" of the Sexually Violent Predator Act allowed CDCR officials to give Plaintiff a diagnosis that required "lifelong treatment," as week as "excessive and unwarranted incarceration." *Id.* at 4. Plaintiff claims Summer Stephan is "using Proposition 83 as punishment in violation of cruel [and] unusual punishment." *Id.*

Plaintiff seeks injunctive relief, $100,000 in compensatory damages, $1,000,000 in punitive damages and "release from custody to unconditional release." *Id.* at 7.

C. <u>42 U.S.C. Section 1983</u>

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. <u>Rule 8</u>

Plaintiff's Complaint is difficult to decipher as many of the claims Plaintiff is attempting to allege are disjointed and incomprehensible. His Complaint contains no specific factual allegations relating to any constitutional claims he is attempting to bring. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2). Here, the Court finds that Plaintiff's Complaint falls shorts of complying with Rule 8.

E. <u>Personal Causation</u>

Plaintiff names Governor Gavin Newsome, Steve Case[2], and Chris Edens, the "Deputy Director, Department of State Hospitals" as Defendants but fails to set forth any factual allegations as to what they purportedly did to violate his constitutional rights. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even

---

[2] Plaintiff identifies Steve Case as the "Secretary of Corrections." *See* Compl. at 2. However, it is unclear if Plaintiff is referring to Steve Case as the Secretary for the CDCR. Regardless, Steve Case is not the current Secretary of the CDCR. *See* https://www.cdcr.ca.gov/about-cdcr/secretary (Website last visited Aug. 17, 2021).

pro se plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). "A plaintiff must allege facts, not simply conclusions, that show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.")

Accordingly, the claims against Defendants Newsome, Case, and Edens are subject to dismissal.

F.  Younger Abstention

As stated above, Plaintiff's Complaint is far from clear but it appears that he is currently involved in ongoing Sexually Violent Predator Act ("SVPA") proceedings in San Diego Superior Court. Plaintiff appears to challenge the decision of the San Diego District Attorney to institute these proceedings against him.

However, Plaintiff may not use the Civil Rights Act, 42 U.S.C. § 1983, as a vehicle by which to enjoin ongoing state criminal proceedings. Federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances. *See Younger*, 401 U.S. at 43–54; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

A court may consider sua sponte whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Augustin v. Cty. of Alameda*, 234 Fed. Appx. 521 (9th Cir. 2007); *Salmons v. Oregon*, No. 1:17-CV-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017); *see also Washington v. Los Angeles County Sheriff's Dept.*, 833 F.3d 1048, 1058 (9th Cir. 2016) (holding that "a dismissal due to *Younger* abstention [is] similar to a dismissal under Rule 12(b)(6) for lack of subject-matter jurisdiction.").

Abstention is proper regardless of whether the applicant seeks declaratory relief,

injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

First, it appears that Plaintiff's SVPA proceedings are ongoing.[3] State proceedings are deemed ongoing until appellate review is completed. *See Gilbertson*, 381 F.3d at 969 n.4 (citation omitted); *Huffman v. Pursue*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of Younger is that a party ... must exhaust his state appellate remedies before seeking relief in the District Court."). Second, SVPA proceedings implicate important state interests. *See Hubbart v. Superior Court*, 19 Cal.4th 1138, 1153 n. 20 (1999) (SVPA proceedings serve "compelling" state interests in the 'protection of the public and mental health treatment."). Finally, *Younger* abstention is not appropriate unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018).

Because "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction ... until after the jury comes in, judgment has been appealed from and the case concluded in the state courts," *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972), *Younger* abstention is required here.

//

---

[3] According to the San Diego County Sheriff's Department's website, Plaintiff was last booked on September 24, 2020, and not currently sentenced to State prison. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=%2bbNWM%2biN326zlTGR%2fHZ7nm0AqrK8TEzOwpgHS1ZLphg%3d (last accessed August 17, 2021). The Court may take judicial notice of public records available on online inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Foley v. Martz*, No. 3:18-cv-02001-CAB-AGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

G. <u>Leave to Amend</u>

For all these reasons, the Court finds that Plaintiff fails to allege a plausible claim for relief and dismisses his Complaint sua sponte in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Having now provided Plaintiff with "notice of the deficiencies in his complaint," however, the Court will also grant Plaintiff an opportunity to fix his claims, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Facility Commander of Vista Detention Facility, or his designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California, 92158.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint

will be considered waived.  See CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment.  See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: August 20, 2021

HON. MICHAEL M. ANELLO
United States District Judge